CERRA, PLAINTIFF AND APPELLEE, v. GONZÁLEZ, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in an Action
of Unlawful Detainer.

No. 2420.—Decided March 31, 1921.

UNLAWFUL DETAINER—LEASE—JURISDICTION.—In the present case the defendant
took possession of the property under a contract of lease which was renewed
month after month. The owner gave him notice of the termination of the
contract and upon his failure to vacate the property an action of unlawful
detainer was brought against him. *Held:* That it was not really a case of
tenancy at sufferance and that the court's jurisdiction should be determined
by an estimated yearly rent.

The facts are stated in the opinion.

*Mr. P. González* for the appellant.

*Mr. J. Texidor* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of unlawful detainer. The plaintiff
alleged that she was the owner of house No. 9 Cerra Street,
Santurce, of the municipality of San Juan, and that "the
defendant, Pedro González García, has occupied the said
house since December 1, 1920, without having any contract
with the plaintiff allowing him to occupy the house and with-
out paying any rent, and that the plaintiff has formally de-
manded of the defendant that he vacate the house and leave
it at the plaintiff's disposal, but he has not complied with
that demand." With these facts as a basis she prayed for
a judgment of eviction.

The defendant denied that the plaintiff was the owner of
the house and alleged that "since the month of January, 1916,
he has been in possession of house No. 9   *   *   *   by virtue
of a contract of lease entered into with Blanca Cerra and
had paid for the use of said property a monthly rent of $30
up to November 30, 1920." And as a "special defense" he
alleged "that he did not know the plaintiff and had never
entered into any agreement or contract whatever with her."

After a trial the court sustained the complaint and the defendant then took the present appeal.

From the record it appears to have been clearly proved that the house in question was the property of the plaintiff; that Blanca Cerra was the attorney in fact of the plaintiff and in that capacity leased the house to the defendant; that he paid the rent, thirty dollars monthly, up to the last day of November, 1920; that prior to that date he was notified by the owner's attorney in fact that the contract would terminate on the said last day of November and that therefore he should vacate the house; that the defendant did not do so and on December 13, 1920, the plaintiff brought this action.

As may be seen, the plaintiff's right to recover the possession of her house is clear, as is also the defendant's duty to vacate it. However, a question of jurisdiction has been raised which compels us to reverse the judgment.

The so-called "special defense" is of no importance. Blanca Cerra was under no obligation to tell the defendant who the owner of the house was. She had charge of it and she rented it. When she was compelled to bring an action of unlawful detainer, then the real owner appeared as plaintiff. At the trial the plaintiff's title and Blanca Cerra's power were proved. Blanca Cerra also testified and explained everything fully.

The serious question involved in the case is that of the jurisdiction of the court. That question was not expressly raised in the district court, but the appellant maintains in his brief and insistently urged at the hearing on the appeal that this case has been mistakenly treated as an action of unlawful detainer at sufferance and for that reason it was prosecuted in the district court.

The appellant argues that the expiration of a contract and detainer at sufferance are distinct legal conditions and cites Escriche, who says that detainer at sufferance "in its strictest sense is a loan revocable at the will of the lender,

and is also taken to mean everything of which possession is held in the nature of a loan and at the owner's will; thus possession is called *at sufferance* when meaning that such possession is nothing but the effect of the tolerance of the owner and can vest no right in the possessor." The appellee replies that "one who occupies a house after the contract under which he formerly occupied it has terminated, when the said contract has not been extended or expressly or tacitly rescinded, is simply withholding the possession and as he pays no rent for the property, such occupation can be no other than at sufferance."

In our opinion the appellant is right. It clearly appears that he occupies the house without any right and against the will of the owner, but not at sufferance. And this being so, its classification as at sufferance, which, according to jurisprudence, determines the original jurisdiction of the district courts in this class of cases, can not be applied here.

In determining the jurisdiction the law does not mention sufferance. It only uses this word in prescribing that unlawful detainer lies generally against any person "who retains the material possession thereof (of a property) or enjoys the same by sufferance, without paying any rental or other consideration whatever." The provisions referring to jurisdiction are contained in the first two subdivisions of section 3 of the special Act on the matter, approved March 9, 1905, as follows:

"The municipal judges of the districts in which the property is situated shall have jurisdiction to hear and determine actions of unlawful detainer in all cases in which the amount specified in the lease as rental, or the consideration or sum which should be paid by virtue of any contract, does not exceed one thousand dollars, computed annually.

"In all other cases the district court of the district where the property is situated shall have jurisdiction of the action, and in both cases the same procedure shall be followed."

As may be seen, the legislators adopted as a basis the amount of the rent calculated annually. In all cases where the rent or consideration involved as such calculated annually does not exceed one thousand dollars the municipal courts have jurisdiction, and in all other cases the district courts have jurisdiction. Among the "all other cases" detainer at sufferance has always been considered as included. Why? Because its nature does not permit of any contract for a fixed sum of money. Possession at sufferance generally originates from acts of generosity, or mere tolerance, or the negligence or ignorance of the owner. When there is a contract the amount fixed necessarily controls the jurisdiction.

And it can not be said that the defendant detained the material possession of the property or held it at sufferance without paying any rent, and that the action of unlawful detainer was brought against him as such detainer and not as a lessee. That theory is erroneous and can not support the jurisdiction of the District Court of San Juan. The defendant was sued as lessee, and for the very reason that he was such lessee, paying thirty dollars a month, he was given notice that the contract terminated on the last day of November, 1920. The termination of the contract by that notice did not take from the defendant his character of lessee for the same reason that the expiration of a stipulated term in a lease contract does not change a defendant's status as lessee. The legal effects of the extinction of a contract of lease by the expiration of the stipulated term, or by notice when no term has been fixed, are identical, and in either case the action of unlawful detainer should be brought in the corresponding municipal court when the annual rent does not exceed one thousand dollars, as in this case. The expressions "lessee" and "possessor at sufferance" are entirely different and are clearly defined in section 2 of the Un-

lawful Detainer Act. The defendant's possession originated from a contract of lease and although it may be unlawful, it can not be called at sufferance. See the judgment of the Supreme Court of Spain of September 9, 1901, 92 *Jurisprudencia Civil,* 130.

Moreover, the question is not new. The appellant himself cites the doctrine laid down by this court in the case of *Roger* v. *López Acosta,* 28 P. R. R. 523, as follows:

"The doubt we entertained was whether this unlawful detainer suit was of a precarious nature or not. If it was, then the complainant had no right to begin his action in a municipal court. From the complaint filed in the municipal court, which is the only matter we have a right to consider, it appears that the complainants recognized and ratified a lease made by another in their name for six months, at a monthly rental of $38, but refused to agree to the extension. Now while there might have been a question of whether an extension was granted or not, or whether there was not a tacit renewal (*tácita reconducción*), the fact is set forth in the complaint that the complainants were trying to put an end to a lease, the defendants being notified to quit. The defendant was claiming as a lessee under a fixed amount of rental and the second cause of action set up a failure to pay rent. Where a tenant holds over, such possession is not generally of a precarious nature. Otherwise every attempt to recover at the expiration of a lease would at the election of the tenant become precarious and defeat the jurisdiction of a municipal court."

By virtue of what has been said we are compelled to reverse the judgment of a court which had no original jurisdiction of the case.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.